# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE

**RUSSELL JENSEN v. STATE OF TENNESSEE**

**Appeal from the Circuit Court for Wayne County**
**No. 15264     Jim T. Hamilton, Judge**

---

**No. M2013-00290-CCA-R3-HC - Filed July 2, 2013**

---

This matter is before the Court upon the State's motion to affirm the judgment of the trial court by memorandum opinion pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. The Petitioner, Russell Jensen, filed a petition for habeas corpus relief, which the trial court summarily dismissed. This case meets the criteria for affirmance pursuant to Rule 20 of the Rules of the Court of Criminal Appeals. Accordingly, the State's motion is granted, and the judgment of the trial court is affirmed.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**
**Pursuant to Rule 20, Rules of the Court of Criminal Appeals**

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which JERRY L. SMITH and JEFFREY S. BIVINS, JJ., joined.

Russell Jensen, Nashville, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; Clark B. Thornton, Assistant Attorney General; Mike Bottoms, District Attorney General, for the appellee, State of Tennessee.

## MEMORANDUM OPINION[1]

---

[1] Rule 20 provides as follows:

The Court, with the concurrence of all judges participating in the case, when an opinion would have no precedential value, may affirm the judgment or action of the trial court by memorandum opinion rather than by formal opinion, when:
(1)(a) The judgment is rendered or the action is taken in a proceeding before the trial judge without a jury, and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge, . . . and
(2) No error of law requiring a reversal of the judgment or action is apparent on the record. . . .

# I. Procedural History

On February 6, 2003, the Petitioner pled guilty to three counts of aggravated sexual battery, and the trial court sentenced him to eighteen years in the Tennessee Department of Correction. The Petitioner filed, *pro se*, a timely petition for post-conviction relief on January 20, 2004. The post-conviction court appointed counsel, held a hearing, and then ultimately dismissed the petition on January 19, 2006. The Petitioner appealed to this Court, and we affirmed the post-conviction court's dismissal. *Russell Jensen v. State*, No. M2006-00249-CCA-R3-PC, 2006 WL 3831224, at *7 (Tenn. Crim. App., at Nashville, Dec. 28, 2006), *perm. app. denied* (Tenn. Apr. 16, 2007).

On October 31, 2012, the Petitioner filed a petition for a writ of habeas corpus, asserting that his sentences were illegal. The State filed a motion to dismiss, and the habeas corpus court granted the motion, finding that the Petitioner had not shown that the judgment was void or that his sentence had expired. It is from that judgment that the Petitioner now appeals.

## II. Analysis

On appeal, the Petitioner argues that the habeas corpus court erred when it summarily dismissed his petition because he was never informed of the mandatory requirement of community supervision for life. The State moved this Court to affirm the habeas corpus court's judgment pursuant to Rule 20 of the Rules of the Court of Criminal Appeals¹ because his claim, even if true, would render his judgments voidable, not void.

Article I, section 15 of the Tennessee Constitution guarantees the right to seek habeas corpus relief. *See Faulkner v. State*, 226 S.W.3d 358, 361 (Tenn. 2007). Although the right is guaranteed in the Tennessee Constitution, the right is governed by statute. T.C.A. §§ 29-21-101, -130 (2012). The determination of whether habeas corpus relief should be granted is a question of law and is accordingly given *de novo* review with no presumption of correctness given to the findings and conclusions of the court below. *Smith v. Lewis*, 202 S.W.3d 124, 127 (Tenn. 2006) (citation omitted); *Hart v. State*, 21 S.W.3d 901, 903 (Tenn. 2000). Although there is no statutory limit preventing a habeas corpus petition, the grounds upon which relief can be granted are very narrow. *Taylor v. State*, 995 S.W.2d 78, 83 (Tenn.

---

¹ Tenn. Ct. Crim. App. R. 20.

2

1999). It is the burden of the petitioner to demonstrate by a preponderance of the evidence that "the sentence is void or that the confinement is illegal." *Wyatt v. State*, 24 S.W.3d 319, 322 (Tenn. 2000). In other words, the very narrow grounds upon which a habeas corpus petition can be based are as follows: (1) a claim there was a void judgment which was facially invalid because the convicting court was without jurisdiction or authority to sentence the defendant; or (2) a claim the defendant's sentence has expired. *Stephenson v. Carlton*, 28 S.W.3d 910, 911 (Tenn. 2000); *Archer v. State*, 851 S.W.2d 157, 164 (Tenn. 1993). "An illegal sentence, one whose imposition directly contravenes a statute, is considered void and may be set aside at any time." *May v. Carlton*, 245 S.W.3d 340, 344 (Tenn. 2008) (citing *State v. Burkhart*, 566 S.W.2d 871, 873 (Tenn. 1978)). In contrast, a voidable judgment or sentence is "one which is facially valid and requires the introduction of proof beyond the face of the record or judgment to establish its invalidity." *Taylor*, 995 S.W.2d at 83 (citations omitted); *see State v. Ritchie*, 20 S.W.3d 624, 633 (Tenn. 2000).

The petitioner bears the burden of showing, by a preponderance of the evidence, that the conviction is void or that the prison term has expired. *Passarella v. State*, 891 S.W.2d 619, 627 (Tenn. Crim. App. 1994). Furthermore, the procedural requirements for habeas corpus relief are mandatory and must be scrupulously followed. *Archer*, 851 S.W.2d at 165. In the case under submission, it appears the Petitioner followed the mandatory procedural requirements.

It is also permissible for a habeas corpus court to summarily dismiss a petition of habeas corpus without the appointment of a lawyer and without an evidentiary hearing if there is nothing on the face of the judgment to indicate that the convictions addressed therein are void. *See Passarella*, 891 S.W.2d at 627; *Rodney Buford v. State*, No. M1999-00487-CCA-R3-PC, 2000 WL 1131867, at *2 (Tenn. Crim. App., at Nashville, July 28, 2000), *perm. app. denied* (Tenn. Jan. 16, 2001).

Tennessee Code Annotated section 39-13-524 provides that, "[i]n addition to the punishment authorized by the specific statute prohibiting the conduct," a defendant convicted of aggravated sexual battery, among other specified offenses, "shall receive a sentence of community supervision for life[.]" T.C.A. § 39-13-524(a)(1). The Petitioner argues that, despite the fact that each of his three judgment forms indicates a sentence including community supervision for life, he was not informed of the requirement at the time of his guilty plea submission hearing. This argument, even if taken as true, would only make the judgment voidable and not void on its face. *See generally*, *Summers v. State*, 212 S.W.3d 251, 259 (Tenn. 2007). The trial court, therefore, correctly dismissed the petition without an evidentiary hearing.

### III. Conclusion

3

Upon due consideration of the pleadings, the record, and the applicable law, this Court concludes that the Petitioner's petition was properly dismissed. Accordingly, the State's motion is granted. The judgment of the habeas corpus court is affirmed in accordance with Rule 20, Rule of the Court of Criminal Appeals.

_____

ROBERT W. WEDEMEYER, JUDGE